UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 18-2166-MWF (JCx)　　　　　　Date:  August 20, 2018
Title:　　Krpekyan et al. v. Travelers Commercial Ins. Co., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**　　ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

Before the Court is Defendant Travelers Response to the Court's Order to Show Cause re: Remand (the "Response"), filed by Defendant Travelers Commercial Insurance Company ("Travelers") on August 8, 2018.  (Docket No. 41).  The Court issued the OSC in an Order dated July 25, 2018.  (Docket No. 38).

The Court held a hearing on **August 9, 2018**.

This Court has discretion to dismiss the California claims.  At this early stage, Defendants have failed to show good cause for the exercise of supplemental jurisdiction.  Accordingly, the OSC is not discharged and the action is **REMANDED**.

On October 17, 2017, Plaintiffs filed a Complaint against Defendants Travelers Commercial Insurance Company ("Travelers") and Universal 1st Insurance Services ("Universal"), among other defendants that Plaintiffs have since voluntarily dismissed, in Los Angeles County Superior Court.  (Complaint (Docket No. 1-1).  Plaintiffs asserted ten claims for relief relating to Defendants' alleged mishandling of a claim under a property insurance policy.

Plaintiffs asserted their first eight claims in their individual capacities: (1) breach of implied covenant of good faith and fair dealing, against Travelers; (2) breach of insurance contract, against Travelers; (3) fraud, against Travelers and Universal; (4) negligent misrepresentation in the inducement and performance of the insurance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2166-MWF (JCx)                    Date:  August 20, 2018
Title:    Krpekyan et al. v. Travelers Commercial Ins. Co., et al.

contract, against Travelers and Universal; (5) breach of oral and implied contract, against Travelers and Universal; (6) negligence relative to policy procurement and servicing, against Travelers and Universal; (7) procurement of money under false pretenses, in violation of sections 484 and 496 of the California Penal Code, against Travelers and Universal; and (8) intentional infliction of emotional distress, against Travelers and Universal.  (Complaint ¶¶ 29-72).

Plaintiffs asserted their ninth and tenth claims – for violation of California's Unfair Competition Law ("UCL") and unjust enrichment, both against Travelers – on behalf of themselves and other putative class members who had been issued similar insurance policies in California.  (*Id.* ¶¶ 77-90).

On March 15, 2018, Travelers removed the action from Superior Court, invoking this Court's jurisdiction over the putative class UCL and unjust enrichment claims pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and supplemental jurisdiction over the eight individual claims.  (Notice of Removal ("NoR") (Docket No. 1) ¶¶ 3, 16-26).

In its Notice of Removal, Travelers accurately described this Court's jurisdiction over the eight individual claims as supplemental jurisdiction; the Court does not have jurisdiction over those individual state law claims under CAFA.  *See, e.g.*, *In Touch Concepts, Inc. v. Cellco Partnership*, 788 F.3d 98, 102 (2d Cir. 2015) (district court properly continued to exercise CAFA jurisdiction over the former class claims and declined to exercise supplemental jurisdiction over certain "state-law claims that were never subject to CAFA jurisdiction").

As noted in the prior Order, Plaintiffs are California citizens and Universal is a California corporation with its principal place of business in Glendale, California.  (NoR ¶¶ 4, 8).  The Court does not have diversity jurisdiction.

On May 29, 2018, pursuant to the parties' stipulation (Docket Nos. 19, 20), Plaintiffs filed the operative First Amended Complaint against Travelers and Universal.  (Docket No. 22).  In their FAC, Plaintiffs assert only the eight individual claims for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2166-MWF (JCx)                    Date:  August 20, 2018
Title:    Krpekyan et al. v. Travelers Commercial Ins. Co., et al.

relief that they asserted in their state court Complaint; Plaintiffs have removed their former class UCL and unjust enrichment claims in their entirety.  (FAC ¶¶ 1-86).

This Court thus does not have CAFA jurisdiction over any remaining claims and must decide whether or not to exercise supplemental jurisdiction over the eight "state-law claims that were never subject to CAFA jurisdiction." *In Touch Concepts*, 788 F.3d at 102.

In arguing against remand, Travelers essentially makes two arguments:

The first argument is that this Court lacks the discretion to dismiss the remaining California claims.  Specifically, Travelers asserts that the discretion provided in 28 U.S.C. §1367(c)(2) "is uniformly limited to cases that were ***originally filed*** in Federal Court … ."  (Response (Docket No. 41) at 5-6) (emphasis in original).  This assertion is beside the point because the Court's declining supplemental jurisdiction is based on § 1367(c)(3) (dismissal of the federal claims), not (c)(2) (whether state claims predominate).  The Ninth Circuit has not adopted a particular rule under CAFA that the dismissal or remand of supplemental claims is an abuse of discretion in a removed case that features voluntary dismissal of the CAFA claims.

Indeed, in one case addressing CAFA and removal, the Ninth Circuit ordered remand following amendment when the new complaint clarified that the local controversy exception applied, pursuant to 28 U.S.C. § 2332(d)(4)(A).  *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015).  The panel reversed the district court and ordered remand over Judge Wallace's powerful dissent.  *Id.* at 1119-25.  *Benko* perhaps controls here, because counsel for Plaintiff stated at the hearing that the CAFA claims were dismissed based on the strength of Defendants' arguments; indeed the representation was made that Plaintiffs would prefer for supplemental jurisdiction to be exercised.  In other words, the dismissal was not truly "voluntary" or for the purpose of manipulating jurisdiction.  But even if *Benko* is not on point here, it does serve to demonstrate that the Ninth Circuit is not in the business of making absolutist pronouncements in regard to CAFA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 18-2166-MWF (JCx) | Date: August 20, 2018 |
| Title: Krpekyan et al. v. Travelers Commercial Ins. Co., et al. | |

Turning, then to supplemental jurisdiction in general, the Ninth Circuit has certainly held that dismissal or remand of the state claims is not *compelled* following dismissal of the federal claims. *See, e.g.,* . But based on numerous cases. It is true that, as a general rule, jurisdiction is determined as of the time of removal; later amendments do not deprive the district court of jurisdiction. *See, e.g., Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). But all that means is that Plaintiff cannot compel dismissal for lack of jurisdiction.

As the Court noted at the hearing, this argument was in fact a sophisticated attempt by counsel to address the not-so-sophisticated use of case law by the Court in the OSC. Nonetheless, the argument fails.

The second argument, then, is that this Court should exercise its discretion to keep the supplemental claims. As stated at the hearing, this Court has no desire to keep California claims when the action is at such an early stage. To the extent case law guides the Court' exercise of discretion, it firmly establishes a preference for a declination of jurisdiction. *See, e.g., Acri v. Varian Associates, Inc.,* 114 F.2d 999, 1001 (9th Cir. 1997).

Arguably, the proper procedure here would be to dismiss the California claims without prejudice. Based on the provided tolling, that would not prejudice Plaintiffs, but it would cause delay and expense to all parties. At the hearing, the parties did not object to remand.

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.

Defendants' pending motions to dismiss and to strike (Docket Nos. 27, 28, 29, 30) are **DENIED** *without prejudice* to refiling the substance of these motions as a demurrer and/or motion to strike in Superior Court. The hearing on those motions, originally scheduled for July 30, 2018, is **VACATED**.

Plaintiffs are warned that if, following remand, they re-assert any class claims and Defendants again remove pursuant to CAFA, this Court (which would be assigned

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-2166-MWF (JCx) | **Date:** August 20, 2018 |
| **Title:** Krpekyan et al. v. Travelers Commercial Ins. Co., et al. | |

that future action) may impose sanctions. Counsel for Plaintiffs disclaimed any such intent at the hearing and this Court has no reason to think otherwise.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

IT IS SO ORDERED.